IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ROBERT G. MODRALL,

                     Plaintiff,                              No. 3:17-cv-00379-HZ

    v.

                                               OPINION & ORDER

OREGON STATE BAR and
TROY J. WOOD,

                    Defendants.

Robert G. Modrall
894 Yates Springs Rd.
Ringgold, GA 30736

      Plaintiff Pro Se


HERNÁNDEZ, District Judge:

      Pro se Plaintiff Robert Modrall brings this action against the Oregon State Bar (OSB) and

Troy J. Wood. Plaintiff moves to proceed *in forma pauperis* (IFP) and he moves for appointment

of counsel. While Plaintiff's IFP application lacks the requisite detail for this Court to determine

whether Plaintiff qualifies, the Court grants the motion for the limited purpose of this initial review of Plaintiff's Complaint. The Court dismisses the Complaint with prejudice and denies Plaintiff's motion for appointment of counsel.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.


///

**DISCUSSION**

## I.    Allegations

Plaintiff provides the following statement of his claim:

> Young Mr. Wood is a child and his egregious negligence and criminal misconduct is
> clear as he was provided with recusals from his superiors in the federal courts and his
> actions as well as that of his subordinates are causing considerable hardship for a more
> responsible adult.

Compl. 5, ECF 2. Plaintiff also attaches a letter he received from Troy J. Wood, Assistant

General Counsel for OSB. *Id.* at 8. In the letter, Mr. Wood states that the OSB reviewed a

complaint Plaintiff filed against attorney Christopher O'Connor. *Id.* Plaintiff alleged that Mr.

O'Connor was rude and discourteous to him. *Id.* Mr. Wood explains that, while OSB does not

condone rude behavior, it does not conclude that any professional misconduct occurred. *Id.*

Plaintiff alleges that the basis for jurisdiction for his complaint in front of this Court is

"Federal Question." Compl. 4. When asked to list the specific federal statutes, federal treaties,

and/or provisions of the United States Constitution that are at issue in this case, Plaintiff writes:

"Please refer to Eleventh Circuit Case #15-15121-AA." *Id.*

As for the relief sought, Plaintiff asks for "restitution for expenses incurred, damages,

civil, and human rights abuses from June 2014 to present as determined by the court." *Id.* at 6.

## II.    Pleading Standard

The Federal Rules of Civil Procedure describe "a liberal system of 'notice pleading.'"

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168,

(1993). This notice pleading system "requires a complaint to contain (1) a statement of

jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to

relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Walsh v. Nevada Dep't*

*of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.*

Here, Plaintiff fails to assert a "short and plain statement" of his claims. Plaintiff's statements of his claim and the relief sought are so lacking in specific factual content that the Court cannot draw a reasonable inference that Defendant is liable for misconduct. Thus, the Complaint fails to state a claim under *Iqbal*.

## III.    Jurisdiction

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. Diversity jurisdiction requires that all plaintiffs be of different state citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 U.S.

534, 541 (1939). To establish diversity jurisdiction, plaintiffs must allege that they are citizens of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000.

In his Complaint, Plaintiff indicates that the basis for jurisdiction is federal question. However, he cites no federal constitutional, statutory, or treaty right at issue in the case. Nor is the Court able to independently discern any federal right at issue in this case. Because Plaintiff fails to identify the basis for federal jurisdiction, this Court lacks subject matter jurisdiction and must dismiss the Complaint. *See* Fed. R. Civ. P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

## IV.    Eleventh Amendment

Plaintiff seeks to bring a claim against the OSB. His claim, even if properly stated, would be barred by the Eleventh Amendment. *See Paulson v. Oregon State Bar*, 609 F. App'x 511, 512 (9th Cir. 2015); *Hirsh v. Justices of Supreme Court of Cal.,* 67 F.3d 708, 715 (9th Cir. 1995) (a state bar association is entitled to Eleventh Amendment immunity and state bar prosecutors are entitled to quasi-judicial immunity). The Eleventh Amendment bars citizens from suing states in federal court for money damages or declaratory relief absent waiver by the state or abrogation by Congress. *Cory v. White,* 457 U.S. 85, 90–91 (1982). OSB is an instrumentality of the State of Oregon. *See* Or. Rev. Stat. § 9.010(2) (describing OSB as an "instrumentality of the Judicial Department of the government of the State of Oregon[.]"). Plaintiff presents no evidence or authority that OSB waived its immunity, nor has Congress abrogated that authority under the circumstances alleged by Plaintiff.

Similarly, Mr. Wood is immune from Plaintiff's claim for monetary damages under the Eleventh Amendment for acts in his official capacity. A state official is immune from suits for damages under the Eleventh Amendment absent waiver or congressional abrogation. *Krainski v. Nevada,* 616 F.3d 963, 968 (9th Cir. 2010). The only exception is "when the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights." *Id.* (internal quotation omitted). Here, Plaintiff seeks restitution and damages. Compl. 6. He does not seek prospective relief, nor does he allege any ongoing violation of his federal constitutional or statutory rights. Thus, Plaintiff's claim against Mr. Wood is barred by Eleventh Amendment immunity.

## V.   Leave to Amend

For all of the reasons above, the Complaint must be dismissed. Additionally, because Defendants are subject to Eleventh Amendment Immunity, the Complaint is dismissed with prejudice, as amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *but see Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile").

## VI.   Motion to Appoint Counsel

Finally, Plaintiff moves for a court-appointed attorney. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court

may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. The Court denies the motion for appointment of counsel.

## CONCLUSION

Plaintiff's application for leave to proceed IFP [1] is granted. Plaintiff's motion for appointment of counsel [3] is denied. Plaintiff's Complaint [2] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this _____17_____ day of _____March_____, 2017

_____
MARCO A. HERNÁNDEZ
United States District Judge